**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WELSELLY SANTANA,

     Plaintiff,

v.                                                                      Case No. 8:26-cv-1440-TPB-CPT

FRANK SUFKA FAMILY
TRUST FUND,

     Defendant.

_____/

**ORDER DISMISSING COMPLAINT**
**AND**

**VEXATIOUS LITIGANT ORDER**

This matter is before the Court *sua sponte*.  In one of her latest filings,

Plaintiff Welselly Santana has brought a *pro se* complaint against the Frank Sufka

Family Trust Fund.  After reviewing the complaint, court file, and the record, the

Court finds as follows:

The complaint, **similar to Santana's twenty-seven other complaints filed**

**in this district since March 23, 2026, is nonsense.**  Santana appears to allege she

is the heiress to the Frank Sufka Family Trust Fund and claims that the Central

Intelligence Agency is violating her rights by "not providing [her] with a copy of all [of

her] trust funds as [she] is a victim of a cold case of 51 years."  Santana's complaint

contains not a single viable cause of action, and there is absolutely no relief that the

Court could or would grant based on her baseless and nonsensical allegations.

Further, in her motion to proceed without costs, she claims that her monthly

expenses exceed **$1,504,500** and that the British Parliament, the CIA "mob," and the

"politicians" owe her money.

Of note, Santana has been a very frequent and frivolous filer within this district, and many of her prior cases have been dismissed due to frivolity by various judges.[1]  Santana has already been warned several times about filing frivolous complaints.  *See Santana v. Rockefeller Family Trust Fund*, 8:26-cv-947-TPB-LSG (M.D. Fla. 2026) (Doc. 6); *Santana v. Musk*, 8:26-cv-964-TPB-LSG (M.D. Fla. 2026) (Doc. 7); *Santana v. Central Intelligence Agency*, 8:26-cv-768-JLB-CPT (M.D. Fla. 2026) (Doc. 14).  In addition, Santana has made numerous baseless allegations in her pleadings and to Clerk's Office personnel that the district and magistrate judges involved in her cases are "dead."    Consequently, this case is dismissed, without leave to amend.

---

[1] A search of court dockets reveals that Plaintiff has filed at least twenty-seven cases in the Middle District since March 23, 2026.  *See Santana v. Central Intelligence Agency*, 8:26-cv-768-JLB-CPT (M.D. Fla. 2026); *Santana v. Host Marriott Corp.*, 8:26-cv-809-JLB-LSG (M.D. Fla. 2026); *Santana v. The Windsor Family Trust Fund*, 8:26-cv-867-WFJ-AEP (M.D. Fla.); *Santana v. Disney*, 8:26-cv-877-WFJ-SPF (M.D. Fla. 2026); *Santana v. MetLife Foundation*, 8:26-cv-878-KKM-AEP (M.D. Fla. 2026); *Santana v. United States Postal Service*, 8:26-cv-879-MSS-AAS (M.D. Fla. 2026); *Santana v. The Roosevelt Family Trust Fund*, 8:26-cv-928-WFJ-AEP (M.D. Fla. 2026); *Sanatana v. The Rothschild Family Trust Fund*, 8:26-cv-929-WFJ-AAS (M.D. Fla. 2026); *Santana v. The Windsor Family Trust Fund*, 8:26-cv-946-WFJ-SPF (M.D. Fla. 2026); *Santana v. The Rockefeller Family Trust Fund*, 8:26-cv-947-TPB-LSG (M.D. Fla. 2026); *Santana v. Musk*, 8:26-cv-964-TPB-LSG (M.D. Fla. 2026); *Sanatana v. United States District Court Middle District of Tampa Bay*, 8:26-cv-975-WFJ-CPT (M.D. Fla. 2026); *Santana v. Mohamad Al Fayed Family Trust Fund*, 8:26-cv-992-JLB-CPT (M.D. Fla. 2026); *Santana v. Amerant Bancorp, Inc.*, 8:26-cv-1061-JLB-AAS (M.D. Fla. 2026); *Santana v. Miguel*, 8:26-cv-1104-MSS-TGW (M.D. Fla. 2026); *Santana v. Federal Bureau of Investigation*, 8:26-cv-1177-JLB-CPT (M.D. Fla. 2026); *Santana v. The Edison Family Trust Fund*, 8:26-cv-1186-WFJ-AEP (M.D. Fla. 2026); *Santana v. Bayer Corporation*, 8:26-cv-1304-WFJ-NHA (M.D. Fla. 2026); *Santana v. Orange County Corrections*, 8:26-cv-1387-MSS-NHA (M.D. Fla. 2026); *Santana v. Orange County Corrections*, 6:26-cv-1090-CEM-NWH (M.D. Fla. 2026); *Santana v. U.S. Marshal Service*, 8:26-cv-1395-MSS-TGW (M.D. Fla. 2026); *Santana v. Michael Jackson Family Trust Fund*, 8:26-cv-1439-WFJ-SPF (M.D. Fla. 2026); *Santana v. Tampa Convention Center*, 8:26-cv-1488-WFJ-AAS (M.D. Fla. 2026); *Santana v. YOAV Blatt Family Trust Fund*, 8:26-cv-1517-JLB-LSG (M.D. Fla. 2026); *Santana v. Orient Road Jail*, 8:26-cv-1547-KKM-SPF (M.D. Fla. 2026).

## <u>VEXATIOUS LITIGANT ORDER</u>

Furthermore, the Court notes that it "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986).  For that reason, the Court is "authorized to restrict access to vexatious and abusive litigants." *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (per curiam).  **At this juncture, the Court declares Santana a vexatious litigant subject to filing restrictions, and it extends the filing restrictions to all divisions of the Middle District to Florida.**

When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes.  This is true for parties represented by lawyers as well as parties representing themselves.  Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources.  Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no connection to the parties they choose to sue.  And in some instances, the allegations made by parties suggest the filer is very likely suffering from some form of mental illness.  In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.

Judges have been generally successful in stopping parties represented by counsel from using the courts for improper purposes.  However, *pro se* litigants who attempt to use the courts for improper purposes present a significant challenge to

courts throughout the country.  On one hand, courts must be open and available to all, including those who choose to represent themselves, and the law directs that *pro se* filings are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  On the other hand, some experienced and savvy *pro se* litigants, proceeding in bad faith, clearly understand this directive and attempt to exploit it to their advantage.  Furthermore, the line between *pro se* parties struggling in good faith to pursue legitimate claims and those proceeding in bad faith with vexatious litigation is not always clear.  As such, many courts choose to give *pro se* parties "the benefit of the doubt" and are reluctant to act even when there is evidence *pro se* parties are using the courts for improper purposes. Experienced and savvy *pro se* litigants also understand this judicial reluctance to act and attempt to exploit it to their advantage.

It is very clear that the plaintiff in this action is not proceeding in good faith and is attempting to use the courts for improper purposes.  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F. 2d at 1073 (citing *In re Martin-Trigona,* 737 F.2d 1254, 1261-62 (2d Cir. 1984)).  Judges have various tools available to address vexatious activities in their courts.  These include, among other things, the ability to strike pleadings, impose monetary sanctions, impose pre-filing screening requirements, and the power of contempt.  In most cases, the threats of monetary sanctions and reporting lawyers to bar regulatory authorities are sufficient to stop improper behavior.  However, those

approaches do nothing to stop *pro se* litigants who are not members of the bar, or who have no assets and are, for practical purposes, judgment-proof.  For these individuals, admonishment by a judge or the imposition of a monetary sanction means nothing and does nothing to deter vexatious conduct.  In these cases, a more direct approach is required.

The Eleventh Circuit has recognized that the "All Writs Act" (28 U.S.C. § 1651) empowers federal district courts to enjoin parties from filing actions in judicial forums and otherwise restrict their filings.  *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *see also Martin-Trinoga v. Shaw*, 986, F.2d 1384, 1387 (11th Cir. 1993).  The Eleventh Circuit has affirmed various injunctions — such as pre-filing screening restrictions — against vexatious litigants.  *Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

When determining whether to enter an injunction against a *pro se* litigant, a district court should consider, among other factors: (1) the litigant's history of litigation, and in particular, whether it involved vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursing the litigation, including whether they have an objective good faith expectation of prevailing; (3) whether the litigant has caused needless expense to other parties or imposed an unnecessary burden on the courts and their personnel, and (4) whether other sanctions would be appropriate to protect the interests of the courts and other parties. *Ray v. Lowder*, No. 5:02-cv-316-Oc-10GRJ, 2003 WL 22384806, at * 2 (M.D. Fla. Aug. 29, 2003).

Upon consideration of these factors, the Court concludes that Plaintiff Welselly

Santana is a vexatious litigant and that sanctions are appropriate. The allegations she has made in her many frivolous filings speak for themselves. She cannot have an objective good faith expectation of prevailing on her claims. Santana is imposing unnecessary burdens on the parties she is suing, and on the courts and their personnel. She is wasting valuable judicial resources with her frivolous filings. Moreover, Santana has been previously warned about her conduct but, apparently, does not care and continues to file frivolous lawsuits. **In these circumstances, the Court finds it appropriate to enjoin Santana from filing any action, compliant, petition, or other document in the Middle District of Florida without first obtaining leave from the Middle District of Florida or the United States Court of Appeals for the Eleventh Circuit.**

Where, as here, a litigant is obviously not proceeding in good faith, courts have no choice but to act. Courts are, understandably, reluctant to act decisively for fear of extinguishing the rights of *pro se* litigants to pursue legitimate claims. But this concern should not outweigh the rights of innocent parties that are forced to expend valuable time and resources defending claims that should never have been brought in the first place.

This is particularly true when dealing with savvy and experienced *pro se* litigants, such as Santana, who understand the legal system's reluctance to sanction them and use it to their advantage. These individuals engage in vexatious conduct that would never be tolerated from even a first-year lawyer. As these *pro se* parties know from their own prior litigation experience, courts will generally give them the benefit of the doubt and there will be few or no consequences to their actions.

If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served.  Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith.  They have an equally important responsibility to ensure courts are not abused for improper purposes.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff Welselly Santana's complaint (Doc. 1) is **DISMISSED**, without leave to amend.

2. Welselly Santana is a vexatious litigant pursuant to 28 U.S.C. § 1651(a), and she is **ENJOINED** and **PROHIBITED** from filing any new document – including, but not limited to, any action, complaint, petition, or motion – in the Middle District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

3. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Santana must attach to each and any such motion: a copy of any proposed complaint, petition, or other document; (2) a copy of this Order; and (3) a certification – under oath – that there is a good faith basis for filing any complaint, petition, or other document.

4. In the event that the senior Magistrate Judge's review results in a finding that Santana's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file her case and assign in according to the normal procedures.

5. In the event that the senior Magistrate Judge's review results in a finding that

Santana's action is frivolous, that action will not be filed with the Court but instead will be returned to Santana.

6. **Should Santana violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.**

7. Santana is further warned that the continued submission of further frivolous filings may result in the imposition of additional sanctions, including monetary sanctions. *See* 28 U.S.C. § 1651.

8. The Clerk of Court shall send a copy of this Order to all divisions of the Middle District of Florida.

9. The Clerk of Court is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of May, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE